```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ANGELA BULLA and
SARAH BULLA,

       Plaintiffs,

v.                                      Case No. 8:23-cv-2614-VMC-SPF

DRUYE NEAL, DRU LAWLER, and
STANDARD FIRE INSURANCE
COMPANY,

       Defendants.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction . . . ." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiffs initiated this auto negligence and uninsured motorist benefits case in state court on March 21, 2023. (Doc. # 1-1). They filed an amended complaint in state court on November 3, 2023. (Doc. # 1-6). Thereafter, on November 15, 2023, Defendant Standard Fire Insurance Company ("Standard Fire") removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 1-6 at 1). Instead, in its notice of removal, Standard Fire relied upon Plaintiffs' allegations in their

original complaint that they are "legally entitled" to the payment of uninsured motorist benefits under the insurance policy with Standard Fire, and that Plaintiffs had not received "full payment" of those benefits. (Doc. # 1 at 4). The policy includes uninsured motorist benefits of up to $100,000 per person and $300,000 per accident. (Id.); (Doc. # 1-8).

Upon review of the notice of removal, the Court was not persuaded that the amount in controversy has been satisfied. (Doc. # 65). Specifically, the Court noted that Standard Fire's reliance on the insurance policy's uninsured motorist limits of $100,000 per person and $300,000 per accident was insufficient because "it is the value of the claim at issue, not the value of the policy limit, that is considered for purposes of determining the amount in controversy." Faust v. Maxum Cas. Ins. Co., No. 2:14-cv-674-JES-DNF, 2015 WL 1648245, at *2 (M.D. Fla. Apr. 14, 2015); see Amerisure Ins. Co. v. Island Crowne Devs., L.C., No. 6:10-cv-221-JA-DAB, 2010 WL 11626694, at *2 (M.D. Fla. Apr. 28, 2010) ("[A] showing that the policy amount exceeds $75,000 does not in and of itself establish that the amount in controversy requirement has been met because the value of the underlying claim may be for less than the policy limits."); Emps. Mut.

3

Cas. Co. v. Parker Towing Co., No. CIV.A.07-0684-WS-B, 2007 WL 4577705, at *2 (S.D. Ala. Dec. 27, 2007) ("[A] high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit.").

Because Standard Fire had not provided any information concerning the amount of damages Plaintiffs actually incurred, such as medical bills, the Court concluded that Defendant had not met its burden of establishing that the amount in controversy requirement is met by a preponderance of the evidence. (Doc. # 65). The Court gave Standard Fire an opportunity to provide additional information to establish the amount in controversy. (Id.).

In response, Standard Fire filed a memorandum stating that, before filing suit, Plaintiffs provided it with a demand for the policy limits of $100,000 that was accompanied by supporting medical bills and records. (Doc. # 66 at 2). Standard Fire also provided evidence that Angela Bulla's medical expenses totaled $18,010.80. (Doc. # 66-3). The company also filed a document that included a table from Plaintiffs' counsel that indicated that Sarah Bulla had incurred $176,384.00 in medical expenses as a result of the car accident. (Doc. # 66-1 at 5). However, the demand letter

4

to which the table was attached stated: "[A]ny information or materials submitted herein are not to be utilized in a later trial or proceeding without [the] consent [of plaintiffs' counsel]." (Id. at 2). In light of this statement, the Court directed Standard Fire to submit additional documentation, such as a ledger sheet, medical bills, or other official confirmation of medical expenses, to establish that Sarah Bulla did incur these medical expenses prior to the date of removal. (Doc. # 67).

Standard Fire has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 68). But Standard Fire still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Standard Fire provides medical bill summaries for each Plaintiff "[b]ased on medical bills received from Plaintiff's counsel and nonparty subpoenas." (Id. at 1). The summaries show that Plaintiff Angela Bulla incurred $18,010.80 before the case was removed, while Plaintiff Sarah Bulla incurred $64,618.00 in medical expenses before the case was removed. (Id. at 2); (Doc. # 68-1 at 1; Doc. # 68-2 at 1). Standard Fire states that the amount in controversy exceeds $75,000 because "Plaintiffs['] combined

5

incurred medical expenses total at least $82,628.80." (Doc. # 68 at 2).

However, Standard Fire does not provide any argument or caselaw in support of its position that Plaintiffs' medical expenses should be aggregated to satisfy the amount in controversy. "Generally, if no single plaintiff's claim satisfies the requisite amount in controversy, there can be no diversity jurisdiction." Morrison, 228 F.3d at 1262. "However, there are situations in which multiple plaintiffs have a unified, indivisible interest in some common fund that is the object of litigation, permitting them to add together, or 'aggregate,' their individual stakes to reach the amount in controversy threshold." Id. When interpreting when multiple plaintiffs may aggregate their claims to satisfy the amount in controversy requirement:

> [T]he Supreme Court has evinced a desire to give a strict construction to allegations of the jurisdictional amount in controversy, so as to allow aggregation only in those situations where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs then there can be no aggregation.

Eagle Star Ins. Co. v. Maltes, 313 F.2d 778, 781 (5th Cir. 1963). "[T]he presence of a 'common and undivided interest'

6

is rather uncommon, existing only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally." Morrison, 228 F.3d at 1262.

Here, the insurance policy covers Angela Bulla. (Doc. # 1-8). Additionally, according to Plaintiffs' Disclosure of Insurance Information, the policy "may provide insurance coverage to pay all or a portion of the claim . . . of Sarah L Bulla related to the incident or accident." (Id.).

Insurance policies are "oft-cited as one of the paradigm common fund cases warranting aggregation." Secure Restoration, Inc. v. Gemini Ins. Co., No. 16-81359-CIV-MARRA, 2017 WL 5714579, at *4 (S.D. Fla. Oct. 19, 2017) (internal quotation marks omitted) (quoting Gilman v. BHC Secs., Inc., 104 F.3d 1418, 1423 (2d Cir. 1997)). However, just because Plaintiffs' claims for uninsured motorist benefits stem from the same insurance policy does not mean that Plaintiffs have a joint interest. See Id. ("[T]his case does not involve an attempt to enforce a right to insurance benefits as a group, such as where a policy is jointly purchased and a group of plaintiffs are common owners and share a common interest."); McCormick v. Labelle, 189 F. Supp. 453, 454 (D. Conn. 1960) ("Two or more plaintiffs injured in the same automobile accident have separate and distinct causes of action; even

7

though they join their causes of action in a single suit, they cannot aggregate their claims to achieve the requisite jurisdictional amount." (citations omitted)). As Plaintiffs' claims are not joint in nature, the Court determines that they cannot be aggregated for the purpose of determining the amount in controversy. Standard Fire has not provided any caselaw suggesting a different conclusion.

In short, Standard Fire has not carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of July, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE